HARDY, Judge.
This is a compensation claim and the defendants, employers, appeal from judgment in favor of plaintiff awarding compensation at the rate of $32.50 per week for a period not exceeding 300 weeks.
Before this court defendants specify error as to the conclusions of the trial court that plaintiff sustained an accident; that such accident was a direct cause of his condition, and that he suffered disability as a result thereof. The issues presented are factual.
Although the evidence is somewhat vague and unsatisfactory, we accept the finding of the district judge that plaintiff sustained an accident while in the course and scope of his employment, engaged in hauling, loading and cutting pulpwood for one David Williams, a contractor for Tre-mont Lumber Company, Inc., both of whom are named as defendants.
The remaining issue relates to the nature, extent and duration of plaintiff’s injury. Plaintiff’s petition alleged injury to the muscles, ligaments and tissues of his side due to “lifting and straining”, as the result of which he was disabled from continuance of manual labor. Before this court counsel contends that plaintiff sustained a hernia and traumatic orchitis, which injuries have resulted in his continuing disability.
The record contains the testimony of four medical experts and overwhelmingly preponderates against the contention that plaintiff sustained a hernia as a result of the accident which is the basis of this suit, and which occurred on or about November 6, 1962. Defendant’s affection was variously diagnosed as orchitis, epididymitis, and swelling of the spermatic cord, but there is a considerable uncertainty of expert opinion as to whether any of these affections were caused by trauma.
The testimony of the medical experts is remarkable by reason of the absence of definite prognoses and evaluations as to the duration of plaintiff’s disability. However, one of plaintiff’s medical experts testified that he made an examination of plaintiff on February 1, 1963, and found no evidence of any form of disability. One of defendant’s medical experts testified that he made an examination of plaintiff in May, 1963, and found no evidence of either hernia or or-chitis. At the time of this examination plaintiff was being treated by this witness for a hand injury.
After careful examination of the medical testimony, we think plaintiff has completely failed to prove any existing disability as of the date of trial which was had on March 4, 1964. As a matter of fact, we can find no satisfactory evidence that plaintiff suffered from any disability after the date of February 1, 1963.
For the reasons assigned, the judgment appealed from is amended by reducing the term fixed for the payment of compensation to the period beginning November 13, 1962, and ending February 1, 1963, and, as so amended, the judgment appealed from is affirmed at the cost of plaintiff-appellee.